**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**                        **CRIMINAL ACTION NO. 08-20384-06**

  **vs.**                                 **DISTRICT JUDGE VICTORIA A. ROBERTS**

                                     **MAGISTRATE JUDGE MONA K. MAJZOUB**

**WANDA HENLEY,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that Defendant's Motion to Dismiss for Want of Jurisdiction (docket no. 83) be **DENIED**.

**II.**    **REPORT**:

This matter comes before the Court on Defendant's Motion to Dismiss for Want of Jurisdiction. (Docket nos. 83, 84, 88). Plaintiff filed a response to the motion. (Docket no. 89). The matter was referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 86). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(e). The matter is now ready for ruling.

Defendant is charged in a multi-count indictment with thirty counts of wire fraud in violation of 18 U.S.C. § 1343. The indictment charges the Defendant and five codefendants with orchestrating a multi-million dollar real estate mortgage fraud scheme involving approximately forty properties in the metropolitan Detroit area from 2003 to 2005. The scheme involved "flip" transactions where lead defendant Jonathone Johnson would allegedly purchase a home, have it

appraised by the Defendant at a value far in excess of the price at which the home was purchased, and then resell the home a few days or weeks later at a large profit.

Defendant filed the instant Motion to Dismiss for Want of Jurisdiction on December 31, 2009. (Docket no. 83). She asserts in her motion that the federal government and the federal courts have no jurisdiction over her because she is a regional diplomat and the Minister of Realty for the Washitaw Nation. (Docket no. 83). Defendant claims that "the Washitaw people have ancient and indigenous sovereignty as to every other individual, state, country and sovereign body and as to the world-at-large." (Docket no. 83).

The Washitaw Nation has not been recognized by the Sixth Circuit or other federal courts, and the Defendant has not provided valid legal support to show otherwise. *See Bybee v. City of Paducah,* No. 01-6440, 2002 WL 1869407, at *1 (6th Cir. Aug. 13, 2002) (characterizing the Nation of Washitaw as fictional); *Wilson v. Art Van Furniture,* No. 99-2292, 2000 WL 1434690, at *1 (6th Cir. Sept. 19, 2000) (plaintiff "presented no credible proof that there is or ever was a country or ethnic group known as the Washitaw de Dugdahmoundyah Empire"); *Sanders-Bey v. United States,* No. 07-2204/07-3891, 2008 WL 506328, at * 2 (7th Cir. Feb. 25, 2008) (the Washitaw Nation is "not recognized by the United States government"); *United States v. Gunwall,* No. 97-5108, 1998 WL 482787, at *3 (10th Cir. Aug. 12, 1998) (claim that the court lacked jurisdiction over the defendant because he was a member of the Washitaw de Dugdahmoundyah was frivolous); *El-Bey v. N. Carolina Bd. of Nursing*, No. 1:09CV753, 2009 WL 5220166, at *1-2 (M.D. N.C. Dec. 31, 2009) (citing *Sanders-Bey v. United States*, No. 07-2204/07-3891, 2008 WL 506328, at * 2 (7th Cir. Feb. 25, 2008)) ("organizations such as the Washitaw . . . are 'notorious organizations of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while

simultaneously proclaiming their independence from and total lack of responsibility under those same laws'. . . . Any claims or arguments raised by Plaintiff which are based on [the Nation of Washitaw] or which rely on documents or arguments based on the doctrines of [that] organization[] are clearly frivolous.").

The Defendant's Motion to Dismiss for Want of Jurisdiction should be denied.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 04, 2010	s/ Mona K. Majzoub
	MONA K. MAJZOUB
	UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of record on this date.

Dated: March 04, 2010	s/ Lisa C. Bartlett
	Case Manager