UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                   Case No: 08-20384-6
                                                  Honorable Victoria A. Roberts

WANDA HENLEY,

    Defendant.
_____/

## ORDER

**I.    INTRODUCTION**

Defendant filed a Motion for Witness List [Dkt #77]; Motion for Severance [Dkt #78]; and Motion to Dismiss for Want of Jurisdiction [Dkt #83], on December 31, 2009. The Government filed Responses [Dkt #90-92].

The motions were referred to Magistrate Judge Mona Majzoub for report and recommendation. On March 4, 2010, the Magistrate entered her Report and Recommendation ("R & R"), denying the Motion to Dismiss [Dkt #98]. On the same date, the Magistrate entered an Order denying Defendant's Motion for Witness List and Motion for Severance [Dkt #99]. On March 19, 2010, Defendant filed Objections to the R & R and to the March 4, 2010 Order [Dkt # 100-102]. The Government did not respond to the Objections.

The matter is now before the Court on Defendant's Objections. For the reasons stated, the Court **ADOPTS** the R & R and the findings in the Magistrate's March 4, 2010 Order.

1

## II. BACKGROUND

Defendant, Wanda Henley, and co-defendants Jonathone Johnson, Chaka Powell, Erica Walters, Aronzo Johnson, and Nyesha Noaks, are charged in a 54-count Indictment filed July 16, 2008. Henley is charged with 30 counts of Wire Fraud, in violation of 18 U.S.C. 1343. Henley is a licensed real estate appraiser, who, along with her co-defendants, is alleged to have participated in a mortgage fraud scheme in the metro Detroit area, from 2003 to 2005. Only one co-defendant, Aronzo Johnson, advised the Court he intends to plead guilty. A joint trial for Henley and the other co-defendants is scheduled for April 20, 2010.

## III. STANDARD OF REVIEW

This Court reviews *de novo* those portions of an R&R to which specific objections are made. *28 U.S.C. § 636(b)(1)*; *Fed. R. Civ. P. 72(b)*. See also *U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts de novo review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## IV. ANALYSIS

### A. Motion to Dismiss

Henley says she is a regional diplomat of the Washitaw Nation and that the federal government and courts have no jurisdiction over her. She asserts that the Muurish Empire Washitaw ("Uaxashaktun") exists as the world's oldest sovereign and independent nation. Because Henley did not provide legal support to show that the Washitaw Nation is a recognized sovereign, the Magistrate Judge concluded that her motion should be denied. Henley says that ruling was in error.

The Sixth Circuit Court of Appeals characterized the Nation of Washitaw as fictional. *Bybee v. City of Paducah*, 46 Fed. Appx. 735, 736 (6th Cir. 2002), unpublished. Other federal courts decline to recognize the Washitaw Nation as a legitimate sovereign. See *Sanders-Bey v. United States*, 267 Fed. Appx. 464, 466 (7th Cir. 2008)("[t]he Washitaw Nation, however, is not recognized by the United States government. . ."); *United States v. Gunwall*, 1998 WL 482787 at *3 (10th Cir. Aug. 12, 1998)(claim that defendant was "a member of a sovereignty known as 'Washitaw de Dugdahmoundyah,' over which the government has no jurisdiction" was frivolous"); *Khattab El v. U.S. Justice Dep't*, No. 86-6863, 1988 U.S. Dist. LEXIS 544, 1988 WL 5117 at *5 (E.D. Pa. Jan. 22, 1988) (holding that "the United States has not recognized the sovereignty of the Moorish Nation, thus precluding sovereign immunity claims").

This Court also rejects Henley's claim that the Court lacks jurisdiction over her and this case based on her membership in the Washitaw Nation. The Magistrate correctly decided that Henley's Motion to Dismiss should be **DENIED**.

**B. Motion for Witness List**

Henley says she needs a witness list in advance of trial so that she can effectively prepare to cross examine and impeach government witnesses, and so that she can investigate and subpoena witnesses for rebuttal or impeachment purposes. Because Henley did not identify any specific circumstances to warrant disclosure of the government witnesses before trial, the Magistrate Judge followed the general rule that defendants are not entitled to a pretrial list of government witnesses. Henley says that ruling was erroneous. She asks this Court to exercise its discretion and grant her a pretrial witness list.

There is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977). The general rule is that a "defendant is not entitled to a list of the names and addresses of the government's witnesses." *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993) (citing Fed. R. Crim P. 16). "[T]he United States is generally under no duty to provide the statement of a government witness until that witness has testified on direct examination in the case." *United States v. Carter*, 621 F.2d 238, 240 (6th Cir. 1980).

However, there is authority stating that "the district court has discretion to order the prosecution to produce it." See *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980) (per curiam); *United States v. Jackson*, 508 F.2d 1001, 1006-08 (7th Cir. 1975).

In *Jackson*, the 7th Circuit affirmed the trial court's order for mutual discovery of trial witnesses:

The proper circumstances which would permit the court to order the Government

> to produce its list of witnesses are present here. The defendant and others were charged with conspiracy to commit mail theft and other substantive violations. During the course of status reports, the Government advised the trial court that the case would be quite lengthy because of the number of defendants and checks involved. At the December 18 pretrial conference, the Government again stated that the trial would be quite time consuming because they estimated that 100 checks and 100 witnesses would be involved.

*Jackson*, 508 F.2d at 1007.

That situation is not present here. Henley has not represented to the Court that the Government's case will be lengthy, that it intends to call an extraordinary number of witnesses, or that it will present an extraordinary amount of evidence. In the absence of such circumstances, the Magistrate Judge properly concluded that Henley's Motion for Witness List should be **DENIED**.

### C. Motion for Severance

Henley seeks an Order granting her a separate trial, pursuant to Fed. R. Crim. P. 14. She says the Government will likely admit testimonial statements of some or all of her co-defendants that would not be admissible against her. Therefore, she contends she will be denied her Sixth Amendment right to confront and cross examine witnesses against her, if those statements are admitted and her co-defendants choose not to testify.

The Government says only Jonathone Johnson made a statement against Henley. Based on the Government's representations, that if it used his statements, it would sanitize the hearsay by redacting all references to Henley, the Magistrate Judge concluded there was no serious risk that a joint trial would compromise Henley's Sixth Amendment rights. The Magistrate also concluded there was no indication that

5

substantial, undue or compelling prejudice would result if Henley was not granted a separate trial. Henley challenges that finding.

Federal Rule of Criminal Procedure 14 provides relief from prejudicial joinder of offenses or defendants. Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Cr. P. 14(a).

Rule 14(b) further provides that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Cr. P. 14(b).

The Court has wide discretion to deny a motion for severance; the United States Supreme Court has repeatedly expressed a preference for joint trials of defendants indicted together, to promote judicial economy and prevent inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993); see also *United States v. Long*, 190 F.3d 471, 476 (6th Cir. 1999). There is a strong policy presumption favoring joint trials for co-defendants when criminal charges result from the same acts and will need to be proved by the same evidence. *United States v. Critton*, 43 F.3d 1089, 1098 (6th Cir. 1995). This is especially true when the defendants are charged with joint participation in a common conspiracy. *United States v. Cope*, 312 F.3d 757, 779-80 (6th Cir. 2002).

The test is whether there is serious risk a joint trial would compromise a

6

defendant's specific trial rights, or would prevent the jury from making a reliable determination as to each defendant's guilt or innocence. *Zafiro*, 506 U.S. at 539. The jury is presumed to be capable of following limiting instructions, sorting out the evidence, and separately considering each charge against each individual defendant. *United States v. Cobleigh*, 75 F.3d 242, 247 (6th Cir. 1996).

To obtain severance, a defendant bears the heavy burden of presenting specific facts which would support a court finding "substantial prejudice," "undue prejudice," or "compelling prejudice" to the defendant. *Id*.

In *Bruton v. United States*, the Supreme Court held that a defendant's Confrontation Clause rights might be violated if, in a joint trial, a co-defendant's statement or confession is admitted into evidence against the co-defendant, but the co-defendant does not take the stand to permit the defendant's cross-examination. *Bruton*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). The Supreme Court narrowed the *Bruton* rule, holding that there is no Confrontation Clause violation if a non-testifying co-defendant's statement or confession is admitted, with a proper limiting instruction, if such confession is redacted to eliminate any reference to the "existence" of the defendant. *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S. Ct. 1702, 95 L. Ed. 2d 176 (1987).

The *Bruton* rule is violated by admission of a co-defendant's statement if the statement contains obvious deletions, because obvious deletions are obvious to a jury and directly accuse the defendant, without permitting confrontation. *Gray v. Maryland*, 523 U.S. 185, 118 S. Ct. 1151, 140 L. Ed. 2d 294 (1998)). The Sixth Circuit held that *Bruton* permits use of a co-defendant's statement/confession, if redacted, "even if the

co-defendant's confession becomes incriminating [against the defendant] when linked with other evidence adduced at trial." *United States v. DiCarlantonio*, 870 F.2d 1058, 1062 (6th Cir. 1989).

Henley has not met the burden of presenting specific facts which would support a finding of substantial prejudice. Henley cursorily states that co-defendant Jonathone Johnson gave a statement to police in which he accused her of inflating appraisals. Henley does not explain how Jonathone Johnson's statement implicates her role or participation in the alleged mortgage fraud scheme.

Moreover, Henley's speculation about other co-defendants' statements is premature, and does not show sufficient risk of prejudice to justify granting severance. Henley does not specifically identify any statements made by the other co-defendants; rather, she merely states that they might exist. If such statements are presented at trial, Henley will have an opportunity to object, and the Court may order an *in camera* inspection pursuant to Fed. R. Crim. P. 14(b), or redaction under *Richardson*. Additionally, the Court will have the opportunity at trial to instruct the jury as to the proper use, limitation, and consideration of all evidence.

The Magistrate Judge's decision was consistent with the Court's great discretion in evaluating severance motions. Henley's Motion for Severance was properly **DENIED**.

## V. CONCLUSION

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation and the findings in her March 4, 2010 Order. All of Defendant's Motions are **DENIED**.

**IT IS ORDERED.**

s/Victoria A. Roberts
                                                        Victoria A. Roberts
                                                        United States District Judge

Dated: April 9, 2010

| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 9, 2010.

s/Linda Vertriest
Deputy Clerk |
|---|